UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL J. FLYNN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 08-40239-FDS |
| ) | |
| RESIDENTIAL CREDIT SOLUTIONS, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

**SAYLOR, J.**

This matter arises from the issuance of two home mortgages to plaintiff Daniel Flynn and his wife by AmTrust Bank. In November 2008, Flynn stopped making payments on his mortgages and filed this action against AmTrust. His complaint asserted twelve conclusory causes of action, but was largely devoid of factual allegations that could support his legal claims.

On February 9, 2010, the Court granted in part and denied in part AmTrust's motion to dismiss. It ordered plaintiff to amend his complaint with the specific factual allegations on which his claims were premised. Plaintiff did not do so, and on October 29, the Court indicated that it would grant defendant's renewed motion to dismiss once it was satisfied that the case should not otherwise be stayed. For the following reasons, the remainder of Flynn's claims will be dismissed and his pending motions to amend will be denied.

### I.    Background

Plaintiff Daniel Flynn and his wife Claudia Flynn obtained two adjustable-rate mortgage

loans from AmTrust Bank in March 2005. In November 2008, Flynn unsuccessfully attempted to rescind the mortgages. He then stopped making his mortgage payments. Proceeding *pro se*, he filed this action against AmTrust in December 2008. The gist of his complaint is that the bank unlawfully failed to disclose information to him, charged him excessively high interest rates, discriminated against him, committed fraud when it did not permit him to rescind the mortgages, and otherwise breached the loan agreement.[1] In large part, the asserted claims are unsupported by factual allegations. AmTrust brought counterclaims against Flynn for breach of contract and unjust enrichment.

On February 9, 2010, the Court granted defendant's motion to dismiss and motion for judgment on the pleadings as to four claims. Taking into account Flynn's *pro se* status, the Court ordered him to amend the complaint with specific allegations sufficient to form a factual basis for the remaining eight claims.[2] The Court also ordered plaintiff to join his wife, Claudia Flynn, as a necessary party, as she was a signatory to the disputed mortgages and notes. *See* Fed. R. Civ. P. 19(a)(1)(A), (a)(2). The order advised that failure to amend the pleadings within 30 days would result in dismissal of the complaint.

One month after the order was issued, AmTrust alerted the Court that the Office of Thrift Supervision had taken possession of the bank in December 2009 and the Federal Deposit Insurance Corporation ("FDIC") subsequently had been appointed receiver. As receiver, the FDIC became the servicer of the Flynn's mortgages. It then assigned the mortgages to

---

[1] The Court granted leave for plaintiff to file an amended complaint, which he did in April 2009. Without seeking further permission of the Court, plaintiff filed a second amended complaint in September 2009. Because plaintiff was proceeding *pro se*, the Court has read both amended complaints together and considered all claims asserted.

[2] The Court's February 9 memorandum and order lists the claims asserted in the complaint.

2

Residential Credit Solutions, Inc. ("RCS") in September 2010. AmTrust accordingly moved to substitute first the FDIC and then RCS as the defendant party in interest.

Plaintiff failed to move to amend the complaint within the 30 days allotted. Instead, over the next seven months, he filed two motions to reconsider, four motions to stay, and two motions to dismiss. Two of the motions to stay maintained that plaintiff was pursuing administrative remedies through the FDIC's administrative claims review process detailed in 12 U.S.C. §§ 1821(d)(3)–(13), *enacted by* the Financial Institutions Reform, Recovery and Enforcement Act of 1989, Pub. L. No. 101-73, 103 Stat. 183 ("FIRREA"). In light of plaintiff's failure to comply with the Court's February 9 order and the absence of sufficient factual allegations in the complaint, defendant renewed its motion to dismiss.

In an order issued on October 29, 2010, the Court denied all of plaintiff's motions and granted defendant's motions to substitute. Because plaintiff represented that he was participating in or intended to file a claim with the FDIC's administrative claims review process, however, the Court did not grant defendant's motion to dismiss. If plaintiff was participating in the claims review process, the proper procedural posture would have been to stay the case until that process had run its course. *Marquis v. F.D.I.C.*, 965 F.2d 1148, 1154 (1st Cir. 1992). Upon completion of the process or the passage of 180 days, the Court would resume consideration of the claims on the merits. *See id.* at 1154-55; *Forbes v. F.D.I.C.*, 850 F. Supp. 94, 97 (D. Mass 1994).[3]

Because it was unclear from plaintiff's filings whether he was participating in the administrative process, the Court ordered him to furnish evidence within 21 days that he had

---

[3] The FDIC must determine whether to allow or disallow a claim within 180 days of filing. 12 U.S.C. § 1821(d)(5)(A)(i).

initiated a timely filing with the FDIC and, if so, to inform the Court as to whether his claims were exhausted. The order explained that failure to provide this evidence would result in dismissal of all of his claims, as he had failed to amend his complaint to join a necessary party or to allege facts sufficient to support any of the remaining claims.[4]

Plaintiff furnished a letter from July 2010 indicating that he had submitted his administrative claims to the FDIC. He also explained, in his own letter to the Court, that on November 2, 2010, he received a notice of disallowance of his claims from the FDIC.[5] He did not provide the Court with a copy of the FDIC's notice of disallowance.

Plaintiff has since filed two motions to amend his complaint. The first motion seeks to add factual support to his allegation that defendant improperly or fraudulently allocated his mortgage payments to payments on interest rather than on the principal. The second motion seeks to join Claudia Flynn as a plaintiff. Defendant has opposed both motions and urges the Court to dismiss the claims, as the administrative claims review process has concluded and the complaint fails to state a claim upon which relief can be granted.[6]

---

[4] The order also instructed RCS to provide documentation that the FDIC properly notified plaintiff of the time within which he must file an administrative claim. *See* 12 U.S.C. §§ 1821(d)(3)(B)(i), (d)(3)(c)(ii). It has not furnished this evidence. Nevertheless, plaintiff does not dispute the sufficiency of the notice, and his participation in the administrative claims review process indicates that he was informed of his obligation.

[5] The notice also informed plaintiff that if he disputed the administrative disallowance of his claims, he could seek relief in the United States District Court for the District of Columbia or the United States District Court for the Northern District of Ohio, the district in which defendant has its principal place of business. *See* 12 U.S.C. § 1821(d)(6)(A)(ii). Because plaintiff continued pursuing this action, which he commenced before appointment of the FDIC as receiver, this Court remains the proper forum for judicial review of his claims. *See* 12 U.S.C. §§ 1821(d)(6)(A)(ii), (d)(6)(B)(ii).

[6] Defendant has not formally renewed its motion to dismiss. Nevertheless, because it has previously filed two motions to dismiss and now urges the Court to dismiss plaintiff's remaining claims, the Court will construe its opposition to plaintiff's motions to amend as a renewed motion to dismiss under Fed. R. Civ. P. 12(b)(6).

## II. Analysis

When the FDIC is appointed receiver for a failed financial institution, a plaintiff with a pending claim against the institution must assert that claim through the administrative claims review process. *See Heno v. F.D.I.C.*, 20 F.3d 1204, 1207 (1st Cir. 1994) ("Failure to participate in the administrative claims review process . . . is a 'jurisdictional bar' to judicial review."); *Marquis v. F.D.I.C.*, 965 F.2d 1148, 1151 (1st Cir. 1992) ("FIRREA makes participation in the administrative claims review process mandatory for all parties asserting claims against failed institutions, regardless of whether lawsuits to enforce those claims were initiated prior to the appointment of a receiver."). Notwithstanding the jurisdictional bar in 12 U.S.C. § 1821(d)(13)(D), the court retains jurisdiction over cases brought before the receivership, but is directed to stay the case pending exhaustion of the administrative review process. *Yeomalakis v. F.D.I.C.*, 562 F.3d 56, 60 (1st Cir. 2009); *Marquis*, 965 F.2d at 1154-55. After completion of the claims review process, jurisdiction remains with the court in which the claims were originally filed. *See, e.g.*, *Marquis*, 965 F.2d at 1153-54; *King v. Long Beach Mortg. Co.*, 672 F. Supp. 2d 238, 244-45 (D. Mass. 2009); *Aliberti, Larochelle & Hodson Eng'g Corp. v. First Meridian Grp.*, 795 F. Supp. 42, 45 (D. Me. 1992).[7]

Although plaintiff's filings are hardly clear, he has represented that he participated in the

---

[7] The statutory scheme permits claimants to bring suit on their underlying claims within 60 days of the FDIC's notice of disallowance in either the United States District Court for the District of Columbia or the district in which defendant has its principal place of business. *See* 12 U.S.C. § 1821(d)(6)(A)(ii). It also contains a parenthetical phrase that permits claimants to "continue an action commenced before the appointment of the receiver" after the claims review process has concluded. *Id.* Courts have construed this parenthetical portion of § 1821(d)(6) as preserving the jurisdiction of the court in which the case was originally filed. *See, e.g.*, *King*, 672 F. Supp. 2d at 244-45; *Aliberti, Larochelle & Hodson*, 795 F. Supp. at 45 (citing *Praxis Properties, Inc. v. Colonial Sav. Bank*, 947 F.2d 49, 63 (3d Cir. 1991)). The statutory restriction on the district in which a claimant may seek judicial review therefore does not apply to matters commenced before appointment of the FDIC as receiver.

5

administrative claims review process and that his underlying claims were disallowed. As he appears to have exhausted the administrative process, the Court can proceed to the merits of plaintiff's complaint. *See Marquis*, 965 F.2d at 1154 (explaining that "suits based on resolved claims can be dismissed outright" following completion of the FDIC's claims review process).

In the months between the Court's order of February 9 and its October 29 order, plaintiff had ample opportunity to amend his complaint with facts sufficient to state a claim upon which relief can be granted. In particular, the Court directed plaintiff to detail facts related to his allegations regarding overages (claims 1, 4, 6, and 8), discrimination (claim 2), "contradictory information" supplied by defendant (claim 5), and improper or fraudulent allocation of mortgage payments to interest (claim 10). Plaintiff failed to comply. In the October 29 order, the Court explained because plaintiff had forfeited his opportunity to amend complaint with factual allegations sufficient to survive a motion to dismiss, it would grant the motion unless plaintiff was participating in the administrative claims review process. As the administrative process has concluded, the Court will accordingly dismiss the remaining claims for the reasons stated in its February 9 and October 29 orders.

The Court will also decline to grant plaintiff's pending motions to amend the complaint. Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave . . . when justice so requires." Factors pertinent to assessing a motion to amend include unseemly delay, undue prejudice, or futility of amendment. *See Hatch v. Department for Children, Youth and Their Families*, 274 F.3d 12, 19 (1st Cir. 2001); *Quaker State Oil Refining Corp. v. Garrity Oil Co.*, 884 F.2d 1510, 1517-18 (1st Cir. 1989).

Here, the relevant factors support denial of the motions to amend. The original complaint

was filed nearly two years before the most recent round of motions to amend. In that time period, the Court twice permitted plaintiff to amend his complaint. It provided plaintiff with a further opportunity, within a prescribed period of time, to amend the complaint a third time with specific factual allegations. Plaintiff did not do so, and has not provided the Court with an explanation for his failure to comply with the Court's order or for his tardiness in supplementing his legal claims with facts sufficient to withstand a motion to dismiss. And, the Court's October 29 order put plaintiff on notice that his claims would be dismissed once the Court was satisfied that he was not participating in the administrative claims review process at that time.

Moreover, the first motion to amend does not provide a factual or legal basis upon which plaintiff could maintain his claims regarding overages, discrimination, failure to disclose information, and improper or fraudulent allocation of mortgage payments. It does reassert his claim that the bank committed fraud against him by mis-allocating mortgage payments to interest rather than principal, but does not offer any cognizable theory as to how the allegations could support a common law claim for fraud. Throughout this litigation, plaintiff has failed to cure his vague and conclusory allegations of wrongdoing. At this late stage in the proceedings, granting leave to amend would needlessly prolong matters and would be an exercise in futility.

One final matter requires the Court's attention. In its answer, defendant filed two counterclaims against plaintiff for breach of contract and unjust enrichment. It has not pursued these claims in the ensuing litigation. As plaintiff has not moved to dismiss these counterclaims, they remain pending. Defendant will have 21 days from the issuance of this order to show cause as to why its claims for breach of contract and unjust enrichment should not be dismissed.

## III. Conclusion

For the foregoing reasons, plaintiff's claims are DISMISSED with prejudice and plaintiff's motions to amend are DENIED. Unless defendant shows cause within 21 days as to why its counterclaims remain viable, the counterclaims will be dismissed.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: April 13, 2011